HENRY MORITZ, Respondent, *v.* J. EISNER & SONS, INC., Appellant.

(Argued May 11, 1928; decided July 19, 1928.)

*Walter H. Pollak, J. Charles Weschler* and *Ruth I. Wilson* for appellant. The trial court erred in its determination as to the meaning of the term " net cost of manufacture." (*Lyttle, Campbell & Co.* v. *Somers,* 276 Penn. St. 409; *Winston & Co.* v. *Clark County Constr. Co.,* 186 Ky. 743; *Meulenbergh* v. *Coe,* 160 N. Y. Supp. 581; *Haley* v. *S. S. " Comox,"* 20 Can. Exch. 86; *Hoggson Bros.* v. *Spiekerman,* 175 App. Div. 144.)

*Isaac N. Jacobson* and *David May* for respondent. The clause permitting the defendant to determine differences of opinion as to profits of the selling branch, is qualified by the clause fixing a specific method of charging for merchandise delivered by the manufacturing branch to the selling branch. (*Simon* v. *Etgen,* 213 N. Y. 589; *Gillet* v. *Bank of America,* 160 N. Y. 549; *Sanford* v. *Brown Bros. Co.,* 208 N. Y. 90; *343 Madison Ave. Corp.* v. *Marshall,* 212 App. Div. 672; *City of New York* v. *American Ry. Traffic Co.,* 66 Misc. Rep. 166; 143 App. Div. 928.) The referee did not ignore or make any finding in violation of the provision regarding profits of the selling branch. (*Paine* v. *Howells,* 90 N. Y. 660;

*Daintrey* v. *Evans*, 148 App. Div. 275; *Snider* v. *Snider*, 160 N. Y. 151; *Dodge* v. *Cornelius*, 168 N. Y. 242.)

*Per Curiam.* Defendant was a manufacturer of clothes. It established a separate branch for selling them and engaged plaintiff as manager of that branch. The contract of employment consists of the following letter addressed by defendant to plaintiff and accepted by him:

" Your salary will be at the rate of $200.00 per week during the term of this agreement, same to be charged against the expense of said branch and in addition thereto you shall receive at the end of the period for which you are employed, 10% of the net profits made during said period by our said branch and for the purpose of computing such profit such branch shall be operated as a separate and distinct establishment having its own place of business, employees, books of account, stock, etc. It will be run independently of and without any interest in our other business or businesses and should any differences of opinion arise as to the determination of said net profits, then we shall be the sole arbiters to pass on and determine the same. The cost of merchandise that is charged and delivered to the Jahnkele's Clothes Co. is to be arrived at in the following manner: Net cost of manufacturing to J. Eisner & Co. plus 10% to cover overhead expenses and profit. Terms n /4 months."

The vital part of this contract relates to the manner in which the cost of merchandise charged and delivered by the manufacturing branch to the selling branch shall be estimated. The cost of the merchandise shall consist of two distinct items: " Net cost of manufacturing to J. Eisner & Co. plus 10% to cover overhead expenses and profit." With the exception of the method of ascertaining the cost of the merchandise to be charged to the selling establishment, defendant is the sole arbiter to determine the net profits of that establishment. In respect to the item of cost of merchandise, the contract speaks and defendant as well as plaintiff is bound by its provisions.

"Cost of manufacture" cannot have been intended to signify general business expenses. Many of such expenses are included within the term "overhead." The referee decided that the term "net cost of manufacture" means the net cost of the material directly used plus the net cost of the labor directly applied to it. We think this is too narrow a definition. Wages for designers, foremen and supervisors, machinists and engineers as well as allocated rents of space used in manufacturing may not be included in the term "overhead." Such expenses may fairly be regarded as applicable to manufacture. For the purpose of ascertaining the net profits of the selling branch upon the theory that the cost of manufacture was increased by the expenditure of the amounts for the items herein specified, the judgment of the Appellate Division and that entered upon the report of the referee should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; CRANE, J., dissents and votes for affirmance.

Judgments reversed, etc.